**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| AVENTIS SYSTEMS, INC., and | ) | CASE NO. 23-51162-LRC |
| CORTAVO, INC., | ) | CASE NO. 23-51165-LRC |
| | ) | |
| Debtors. | ) | *Jointly Administered under 23-51162-lrc* |
| _____ | ) | |
| | ) | |
| TAMARA MILES OGIER AS PLAN | ) | |
| TRUSTEE FOR THE LITIGATION TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY PROCEEDING |
| | ) | NO. _____ |
| | ) | |
| BRUCE BROWNSTEIN, D/B/A/ | ) | |
| WESTSIDE TECHNOLOGY | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

Tamara Miles Ogier as Plan Trustee for the Litigation Trust ("Plan Trustee") files this Complaint against Defendant Bruce Brownstein d/b/a/ Westside Technology ("Defendant"), and shows this Honorable Court the following:

**Background**

1.

On February 6, 2023 (the "Petition Date"), the Debtors filed Voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Bankruptcy Court"), which bankruptcy cases are being jointly administered as Bankruptcy Case No. 23-51162-lrc (the "Bankruptcy Cases").

2.

On April 4, 2024, Debtors filed their Second Modified Third Amended Joint Chapter 11 Plan (the "Plan")[1], and on April 17, 2024, the Bankruptcy Court entered an Order Confirming the Plan which was subsequently amended by the Amended Order Confirming the Plan entered on April 25, 2024.  Therefore, pursuant to section 2.2.31 of the Plan, the Effective Date of the Plan is May 26, 2024.

3.

The Plan provides for, among other things, the creation of a Litigation Trust to pursue certain Causes of Action[2] for the benefit of holders of certain Allowed Claims as that term is defined under the Plan.

4.

Pursuant to section 5.3 of the Plan, the Trustee has two years from the Effective Date to pursue the Causes of Action, as that term is defined in the Plan.

5.

On June 7, 2024, the Bankruptcy Court entered an Order approving the Litigation Trust Agreement ("Trust Agreement") that establishes the "Litigation Trust" as set forth in the Plan and approved Tamara Miles Ogier serving as its Trustee.

---

[1] Reference to the "Plan" as set forth herein, refers to the Plan, as modified and amended.

[2] Reference to "Causes of Action" as forth herein refers to the definition found in the Plan at section **2.2.15: "***Causes of Action* shall mean any and all of the Debtors' and the Estates' Avoidance Actions as defined in this Plan and all claims, causes of action, suits, proceedings, liabilities, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, torts, penalties, statutory violations, agreements, promises, variances, setoff or recoupment rights, trespasses, damages, or judgments, whether asserted or unasserted, liquidated or unliquidated, based on any act or omission or other event occurring prior to the Effective Date and any claims acquired following the Petition Date, but prior to the entry of the Confirmation Order, including without limitation all such Causes of Action described in the Disclosure Statement; provided, however, that Causes of Action shall not include any actions arising in favor of the Debtors or their Estates with respect to the MCA Creditors."

6.

Pursuant to the Court approved Trust Agreement, Tamara Miles Ogier is the duly appointed and qualified Plan Trustee for the Litigation Trust.

7.

As part of her investigation, the Plan Trustee had a forensic accounting of the Debtors' finances performed, seeking, among other things, information regarding potential preferential claims under 11 U.S.C.§ 547(b) and available information regarding affirmative defenses under 11 U.S.C. § 547(c).

**Jurisdiction**

8.

Defendant is subject to the jurisdiction and venue of this may be served pursuant to Fed. R. Bankr. P. 7004.

9.

This Adversary Proceeding arises out of and relates to the Chapter 11 Bankruptcy Cases of Aventis Systems, Inc., Case No. 23-51162-lrc and Cortavo, Inc., Case No. 23-51165-lrc. The cases are Jointly Administered under Case No. 23-51162-lrc on the docket of this Court.

10.

This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §157 and §1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Court may, therefore, issue appropriate orders or judgments in this core proceeding.

11.

Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.  This Court may issue the relief sought pursuant to 11 U.S.C. §§ 547, 549, 550 and 551 and other applicable statutes and laws.

**Preference**

12.

During the ninety days preceding the filing of the debtor's bankruptcy petition, the Debtor transferred to the Defendant at least the total sum of $201,076.00 (said transfer(s) hereinafter referred to as the "Transfers") as more specifically set forth on Exhibit "A", which is attached hereto and incorporated herein by reference. The Transfers were made via check, wire, and/or automatic debit from the Debtor's business bank accounts.  To the extent the Trustee discovers the existence of additional transfers to Defendant within the ninety (90) days prior to the Petition Date, the Trustee intends to recover all such transfers, and this complaint is not limited to those transfers disclosed as part of the defined term.

13.

The Transfers were transfers of funds from the Debtor's business bank accounts and were transfers of interests in property of the Debtor.

14.

The Transfers were made to or for the benefit of a creditor, the Defendant, on account of amounts owed for goods and/or services provided to the Debtor prior to the Transfers.

15.

The Transfers were for or on account of an antecedent debt owed by the Debtor to the Defendant before the Transfers were made.

16.

Pursuant to 11 U.S.C. §547(f) the Debtor is presumed to be insolvent within the 90 days prior to the Petition Date and the Transfers were made while the Debtor was insolvent.

17.

The Transfers were made within ninety (90) days before the date of the filing of Debtor's bankruptcy petition.

18.

The Transfers enabled the creditor, Defendant, to receive more than it would receive under Chapter 11 of title 11 of the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) if the Transfers had not been made and it received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

19.

Pursuant to 11 U.S.C. § 547, the Transfers are avoidable by the Plan Trustee and should be preserved for the Estate pursuant to 11 U.S.C. § 551.

20.

Pursuant to a letter dated July 23, 2025, the Plan Trustee made demand upon Defendant for turnover of $201,076.00 and/or requested that the Defendant provide defenses to the claim.  A true and correct copy of said letter is attached hereto as Exhibit "B."

21.

 To date, the Defendant has failed to remit any funds to the Plan Trustee or to otherwise respond.

22.

Pursuant to the provisions of 11 U.S.C. §§ 547 and 550, the Defendant is liable to the Plan Trustee for the value of the Transfers in the sum of $201,076.00, plus pre-judgment interest allowed by law from the date of the demand letter, plus all post judgment interest allowed by law.

23.

To the extent that any of the Transfers were completed after the Petition Date, those Transfers were not authorized by an order of the Bankruptcy Court, and were not authorized by the Bankruptcy Code.  Therefore, those Transfers are avoidable by the Plan Trustee, pursuant to 11 U.S.C. § 549 and should be preserved for the Estate pursuant to 11 U.S.C. § 551.

24.

To the extent that any of the Transfers were completed after the Petition Date, pursuant to the provisions of 11 U.S.C. §§ 549 and 550, the Defendant is liable to the Plan Trustee for the value of the Transfers in an amount to be determined, plus pre-judgment interest allowed by law from the date of the demand letter, plus all post judgment interest allowed by law.

25.

The Plan Trustee reserves the right to amend this Complaint pursuant to a requested accounting as well as other discovery, should facts be discovered to justify the assertion of additional claims, including without limitation any and all claims arising under Title 11 of the United States Code or applicable state law.

**WHEREFORE,** Plaintiff prays this Honorable Court:

1.  Enter an order and judgment declaring the Transfers avoided pursuant to 11 U.S.C. § 547 and preserved for the Estate pursuant to 11 U.S.C. § 551;

2. Enter an order and judgment declaring the Transfers, to the extent that they were made after the Petition Date, avoided pursuant to 11 U.S.C. § 549 and preserved for the Estate pursuant to 11 U.S.C. § 551;

3. Pursuant to 11 U.S.C. §§ 547, and 550, enter an Order and Judgment in favor of Plaintiff and against Defendant in the sum of $201,076.00, plus pre-judgment interest allowed by law from the date of the demand letter, plus all post judgment interest allowed by law;

4. To the extent that any of the Transfers were completed after the Petition Date, enter an Order and Judgment in favor of Plaintiff and against Defendant in an amount to be determined, plus pre-judgment interest allowed by law from the date of the demand letter, plus all post judgment interest allowed by law;

5. Grant Plaintiff such further and additional relief as this Court deems appropriate.

OGIER, ROSENFELD & STEIL, P.C

By: /s/ *Allen Rosenfeld*
       Allen Rosenfeld
       Georgia Bar No. 614451
By: /s/ *Tamara Miles Ogier*
       Tamara Miles Ogier
       Georgia Bar No. 550355

Attorneys for the Plaintiff

P.O. Box 1547
Decatur, Georgia 30031
(404) 525-4000
apr@orsatl.com
tmo@orsatl.com

**EXHIBIT A**

**AVENTIS SYSTEMS, INC. Case No. 23-51162-lrc**

**CORTAVO, INC. Case No. 23-51165-lrc**

**Chapter 11 – Jointly Administered under Case # 23-51162-lrc**

| Vendor Name | Clear Date | Total Amount |
|---|---|---|
| Westside Technology Group, LLC | 11/16/2022 | $12,322.00 |
| Westside Technology Group, LLC | 11/16/2022 | $ 2,901.00 |
| Westside Technology Group, LLC | 11/16/2022 | $ 3,708.00 |
| Westside Technology Group, LLC | 11/16/2022 | $10,224.00 |
| Westside Technology Group, LLC | 11/16/2022 | $ 2,825.00 |
| Westside Technology Group, LLC | 11/16/2022 | $18,260.00 |
| Westside Technology Group, LLC | 11/22/2022 | $ 2,901.00 |
| Westside Technology Group, LLC | 12/02/2022 | $33,500.00 |
| Westside Technology Group, LLC | 12/02/2022 | $ 4,635.00 |
| Westside Technology Group, LLC | 12/02/2022 | $10,240.00 |
| Westside Technology Group, LLC | 12/14/2022 | $11,000.00 |
| Westside Technology Group, LLC | 12/14/2022 | $ 7,725.00 |
| Westside Technology Group, LLC | 12/15/2022 | $14,325.00 |
| Westside Technology Group, LLC | 12/20/2022 | $ 3,060.00 |
| Westside Technology Group, LLC | 12/21/2022 | $23,450.00 |
| Westside Technology Group, LLC | 01/11/2023 | $25,000.00 |
| Westside Technology Group, LLC | 01/25/2023 | $15,000.00 |
| | **TOTAL** | **$201,076.00** |

Exhibit B



**OGIER, ROSENFELD & STEIL, PC**

ATTORNEYS AT LAW

July 23, 2025

Westside Technology Group, LLC
c/o Taylor, Jason, Registered Agent
2588 Defoors Ferry Rd NW
Atlanta, GA, 30318-1406, USA

  Re: In re: Aventis Systems, Inc. and Cortavo, Inc., Consolidated Chapter 7 Case No. 23-51162-lrc, Northern District of Georgia, Atlanta Division

Dear Sir or Madam,

  Aventis Systems, Inc., and Cortavo, Inc., filed their voluntary Chapter 11 bankruptcy cases on February 6, 2023. Those cases were consolidated and proceeded under the Aventis Systems, Inc., case, Case No. 23-51162-lrc. On April 25, 2024, the plan of reorganization, as amended, was approved by the Court. Pursuant to the plan of reorganization, a litigation trust was formed to pursue certain civil actions, including those claims asserted pursuant to 11 U.S.C. § 547. Tamara Miles Ogier was appointed as the Litigation Trustee. This law firm represents the Litigation Trustee as to all matters discussed in this letter.

  According to the Bankruptcy Code and the plan of reorganization, the Trustee is authorized to recover, with certain exceptions, any transfers made by the Debtor within 90 days prior to the filing of the Debtor's bankruptcy. See 11 U.S.C. § 547. A review of the Debtor's financial records indicates that Westside Technology Group, LLC received a total of $201,076.00 within 90 days of the filing of the bankruptcy petition. Accordingly, demand is made for the turnover of said amount within fourteen (14) days from the date of this letter. Of course, if you believe that you have any defenses, please provide those within 14 days from the date of this letter. If we do not receive the sum demanded or a satisfactory response, the Litigation Trustee may have no choice but to proceed with litigation to recover this amount.

  If you would like to discuss this matter further, please contact me at your earliest convenience, but not later than fourteen days from the date of this letter.

      Sincerely,

      OGIER, ROTHSCHILD & ROSENFELD, P.C.

      By: _____

       Allen P. Rosenfeld
       apr@orsatl.com

Mailing Address:
P.O. Box 1547
Decatur, Georgia 30031

Contact:
Phone: 404.525.4000
Fax: 678.381.1175

Website:
www.orsatl.com